UNITED STATES DISTRICT COURT
DISTRICT OF VERMONT

U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

2020 APR 13 PM 4: 45

BY _____ EH _____
DEPUTY CLERK

| | |
|---|---|
| JOHANNA GARCIA VAZQUEZ | : |
| Plaintiff, | : |
| v. | : |
| | : 5:20-cv-52 |
| | : **JURY TRIAL DEMANDED** |
| SIMMONDS PRECISION PRODUCTS, INC., | : |
| (A COLLINS AEROSPACE COMPANY) | : |
| Defendant. | : |

## COMPLAINT

Plaintiff, Johanna Vasquez Garcia, hereby complains against the above-named Defendant as follows:

### PARTIES

1. Plaintiff, Ms. Johanna Vasquez Garcia, is a resident of the Town of Barre, Vermont.

2. Plaintiff was employed by Simmonds Precision Products, Inc. (a Collins Aerospace Company) (hereinafter the Company) on March 9, 2015.

3. Plaintiff was hired to the position of Inspection Technician 1.

4. Defendant Company manufactures electrical equipment.

5. Upon information and belief Defendant Company has over 70,000 employees worldwide.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1331, as this action arises under the laws of the United States, namely, Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e *et seq.*

7. Claims are also stated under the laws of the State of Vermont, and this Court's supplemental jurisdiction is invoked pursuant to 28 U.S.C. § 1367.

8. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) (2) because the Defendant conducts business in this District and because a substantial part of the events giving rise to the claims occurred within this District.

## NATURE OF THE ACTION AND RELIEF SOUGHT

9. Plaintiff is originally from Puerto Rico.

10. Plaintiff was originally employed by the Company in Puerto Rico and later moved to work for the Company in the United States.

11. Plaintiff is currently employed at the Company's Vergennes location.

12. Defendant discriminated against Plaintiff because of her ethnic origin in that it denied her training which was offered to other employees.

13. Defendant discriminated against Plaintiff because of her ethnic origin in that it permitted its employees to openly disrespect her language skills.

14. In 2019 Plaintiff filed a charge with the EEOC in this regard.

15. Plaintiff was issued with a Notice to Sue by the EEOC which she did not understand.

16. Plaintiff did not file a lawsuit with the Court during the ninety-day period because she did not understand that this was required in order to preserve her claim.

17. On or about September 2019 an unknown person began leaving sexual tokens and notes with sexual innuendos on Plaintiff's desk.

18. The sexual tokens took, *inter alia,* the form of hearts attached to Plaintiff's computer.

19. The notes included comments such as "hot" written across a heart and "you are the most beautiful thing I keep in my heart."

20. Plaintiff was intimidated by the notes and hearts and she complained via email to Defendant.

21. Defendant failed to meaningfully investigate the sexual harassment despite there being many cameras in the workplace.

22. Plaintiff complained two more times in writing to Defendant but her complaints were disregarded.

23. On or about November 2019, Plaintiff filed a timely charge with the EEOC to protest the Defendant's refusal to protect her from sexual harassment in the workplace.

24. On January 16, 2020, the EEOC released Plaintiff to file a lawsuit (see attached notice).

25. This lawsuit is filed within the required ninety days of that notice.

26. Plaintiff seeks appropriate injunctive relief, compensatory and punitive damages, costs and attorney fees and any other relief that the Court may find appropriate.

## FACTS

27. Plaintiff initially worked as an Inspection Technician 1 for Defendant in Puerto Rico.

28. Plaintiff received positive reviews from Defendant during the period of time that she worked for it in Puerto Rico.

29. Defendant was so pleased with Plaintiff's work it permitted her to transfer to work for the Company at the Vergennes, Vermont location.

30. Plaintiff was supervised by different managers on transferring to Vergennes, Vermont.

31. Plaintiff experienced hostility from management in Vermont on the basis of her ethnic origin and her gender.

32. Plaintiff was mocked on the basis of her language skills.

33. Plaintiff was sexually harassed by an unknown colleague. and management failed to rectify the situation.

34. Plaintiff complained in writing to Defendant regarding the sexual harassment but Defendant failed to act.

35. Plaintiff experienced anxiety and fear because of the uncorrected sexual harassment she suffered.

36. Plaintiff was told that she was "sick in the head" by her supervisor when she expressed anxiety caused by the sexual harassment.

37. Plaintiff was forced to seek counselling to help with emotional distress caused by Defendant.

38. Defendant took the position that Plaintiff's distress made her unfit to work and forced her to take sick leave.

39. On or about February 24, 2020, Defendant retaliated against Plaintiff for filing with the EEOC by attempting to make her resign her position with the Company.

40. On or about February 24, 2020, Defendant presented Plaintiff with a separation agreement wherein it attempted to intimidate Plaintiff into withdrawing her EEOC complaint in return for a financial payment and a period of benefits.

41. Defendant has refused to permit Plaintiff to return to work and she has been forced to utilize sick leave.

## COUNT ONE

### UNLAWFUL SEX DISCRIMINATION
### IN VIOLATION OF TITLE VII, 42 U.S.C. §2000e *et seq.*

The foregoing paragraphs are hereby incorporated by reference.

42. Plaintiff was harassed and discriminated against in the workplace because of her gender.

43. Defendant's unlawful conduct, individually and combined, was severe and pervasive and had the intent and effect of creating a hostile work environment.

44. Plaintiff was denied economic benefit because of her gender.

45. Plaintiff was subjected to adverse employment action because of her gender.

46. Plaintiff was subjected to adverse employment action because she complained of sexual harassment in the workplace.

47. Plaintiff was forced to utilize sick pay.

48. As a result of Defendant's unlawful harassment and discrimination, Plaintiff has suffered and continues to suffer severe and lasting losses for which she is entitled to recover damages.

49. Defendant's conduct was wanton, willful and outrageous, and was undertaken with actual malice and/or a reckless disregard for Plaintiff's' rights, such that an award of punitive damages is warranted.

## COUNT TWO

### UNLAWFUL RETALIATION
### IN VIOLATION OF TITLE VII, 42 U.S.C. §2000 e *3(a)*.

50. The foregoing paragraphs are incorporated by reference.

51. Plaintiff's complaints to Defendant and the EEOC as to the sexual harassment she suffered in the workplace were legally protected activities.

52. Plaintiff was unlawfully forced to utilize sick leave because of her legally protected activity of filing a charge with the EEOC to protest discrimination.

53. As a result of Defendant's adverse employment action against her Plaintiff has suffered and continues to suffer severe and lasting losses for which she is entitled to recover damages.

54. Defendant's conduct was wanton, willful and outrageous, and was undertaken with actual malice and/or a reckless disregard for Plaintiffs' rights, such that an award of punitive damages is warranted.

### COUNT THREE

### VIOLATION OF VERMONT FAIR EMPLOYMENT PRACTICES ACT, 21 V.S.A. § 495

The foregoing paragraphs are incorporated by reference.

55. Defendant discriminated against Plaintiff because of her gender, in violation of Vermont's Fair Employment Practices Act, 21 V.S.A. § 495.

56. Defendant failed to ensure a workplace free of sexual discrimination and sexual harassment, in violation of Vermont's Fair Employment Practices Act, 21 V.S.A. § 495.

57. Defendant retaliated against Plaintiff when she protested against its discriminatory behavior towards her and this retaliation was also in violation of Vermont's Fair Employment Practices Act, 21 V.S.A. § 495.

58. As a direct result of Defendant's violations of Vermont's Fair Employment

Practices Act, Plaintiff has sustained severe and permanent injuries and losses for which she is entitled to recover compensatory and punitive damages or equitable relief, including restraint of prohibited acts, restitution of wages and other benefits, costs, reasonable attorney's fees and other appropriate relief.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment in her favor, and seeks:

a. payment of back pay, lost wages, benefits, and other remuneration;

b. any appropriate preliminary, temporary and/or permanent injunctive relief;

c. compensatory damages;

d. punitive damages;

e. costs of suit and attorney fees;

f. interest; and

g. any and all other appropriate relief.

DATED at West Pawlet, Vermont this 6th day of April 2020.

LAW OFFICES OF SUSAN EDWARDS, ESQ.

By: _____
Law Offices of Susan Edwards, Esq.
PO Box 134 Wells Post Office
Wells, VT 05774
(914) 715 3632
sueedwardsesq@yahoo.com